IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA KRYSZCZAK and KATHLEEN LAWSON, on behalf of themselves and similarly situated employees,<br>　　　　　　　　　　　Plaintiffs,<br>　v.<br><br>UNION LEAGUE GOLF CLUB AT TORRESDALE FRANKFORD, LLC,<br>　　　　　　　　　　　Defendant. | CIVIL ACTION<br><br>FILED ELECTRONICALLY ON JULY 3, 2024<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT – CLASS/COLLECTIVE ACTION**

Angela Kryszczak ("Kryszczak") and Kathleen Lawson ("Lawson") (together, "Plaintiffs") bring this class/collective action lawsuit against Union League Golf Club at Torresdale Frankford, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and the doctrine of unjust enrichment, and alleging the following:

### **JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has subject matter jurisdiction over the PMWA and unjust enrichment claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

### **PARTIES**

4. Kryszczak resides in Philadelphia, PA.

5. Lawson resides in Philadelphia, PA.

1

6. Defendant is a corporate entity located at 140 South Broad Street, Philadelphia, PA 19102.

7. Defendant employs individuals, including Plaintiffs, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

## FACTS

8. Defendant owns and operates the Union League Golf Club at Torresdale (hereafter "Golf Club"), which includes, *inter alia*, event, dining, and bar areas. *See generally* https://member.unionleague.org/league-life (last visited 7/1/24).

9. During the past three years, Defendant, upon information and belief, has employed at least 40 bartenders and servers at the Golf Club.

10. Kryszczak was employed by Defendant as a banquet server at the Golf Club from approximately December 2021 until approximately January 2023.

11. Lawson was employed by Defendant as a banquet bartender at the Golf Club from approximately May 2022 until approximately May 2024.

12. Defendant pays the Golf Club's bartenders and servers an hourly wage of less than $7.25 per hour.

13. For example, Plaintiffs were generally paid an hourly wage of $5.50.[1]

14. The FLSA and PMWA entitle employees to a minimum hourly wage of $7.25. *See* 29 U.S.C. § 206(a)(1)(C); 43 P.S. § 333.104(a.1).

15. To comply with the FLSA and PMWA mandate that employees receive a minimum wage of $7.25/hour, employers may utilize a "tip credit" equal to the difference

---

[1] Although Lawson's hourly wage increased to $6.50 in 2024.

between $7.25 and the hourly wage actually paid by the employer for each hour worked by its tipped employees. *See generally* 29 U.S.C. § 203(m); 43 P.S. § 333.103(d).

16. For employers to take advantage of the tip credit, certain conditions must be met:

17. First, the employer must inform the impacted employees of its intent to use the tip credit. *See* 29 U.S.C. § 203(m); 43 P.S. § 333.103(d)(1).

18. Second, the employer is not permitted to retain *any* portion of the impacted employees' tips. *See* 29 U.S.C. § 203(m)(2)(B); 43 P.S. § 333.103(d)(2).

19. Third, a "tip" means a *voluntary* payment from a customer to the employee. *See* 29 CFR § 531.52; 43 P.S. § 333.103(i). Thus, as a general rule, "service charges" do not qualify as "tips" regardless of whether the employer chooses to pass along any such proceeds to its employees. *See* 29 CFR § 531.55(a); 34 Pa. Code § 231.114(d).

20. Defendant's customers do not pay tips. In fact, Defendant has a policy that *explicitly prohibits tipping*. *See* https://member.unionleague.org/be-our-guest#club-policies-and-dress-code ("The Union League and the Midtown Garage are non-tipping. All prices are inclusive of gratuity. Tipping is not permitted.") (last visited 7/1/24).

21. Although Defendant prohibits tipping, it does charge its customers additional *automatic* fees.

22. For example, when dining in Defendant's restaurant, Defendant automatically charges its customers an additional 20% fee (hereafter, "Restaurant Service Fee").

23. Likewise, when booking an event, Defendant automatically charges its customers an additional 20% "Service Charge." *See* Exhibit A (Private Event Order). The billing statement provided to customers paying such a Service Charge does not indicate that Defendant retains a portion of the charge and does not include a separate line where the customer can

3

include a tip.  *See id.*

24.    Defendant retains a portion of the Service Charges paid by its customers.

## COLLECTIVE AND CLASS ALLEGATIONS

25.    Plaintiffs bring this lawsuit on behalf of themselves and all individuals who have been employed as hourly bartenders or servers at the Golf Club and were paid less than $7.25/hour.

26.    Plaintiffs' FLSA claim should proceed as a collective action because they and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

27.    Plaintiffs' PMWA and unjust enrichment claims should proceed as a class action because, as summarized in paragraphs 28-32, all of Federal Rule of Civil Procedure 23's requisites are satisfied.

28.    The putative class, upon information and belief, includes at least 40 individuals (all of whom will be readily ascertainable based on Defendant's standard timekeeping and payroll records) and, as such, is so numerous that joinder of all class members is impracticable.

29.    Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

30.    Plaintiffs will fairly and adequately represent the class members and their interests, and have retained competent and experienced counsel who will effectively represent the class members' interests.

31.    Questions of law and fact are common to all class members, since, *inter alia*, this

action concerns the legality of Defendant's standardized compensation practices.

32. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiffs and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging Violations of the FLSA)

33. All previous paragraphs are incorporated as though fully set forth herein.

34. The FLSA entitles employees to a minimum hourly wage of $7.25.

35. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to bartenders and servers, an employer forfeits its right to do so when it fails to notify such employees that they will be paid pursuant to a tip credit, *see* 29 U.S.C. § 203(m), retains any portion of the tips, *see* 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.54(c)(1), or utilizes non-tip proceeds to cover the tip credit amount, *see* 29 CFR § 531.55.

36. Defendant willfully violated the FLSA's minimum wage mandate by paying Plaintiffs and other bartenders and servers less than $7.25 per hour even though such employees did not receive any tips.

37. Alternatively, if the Restaurant Service Fees and Service Charges constitute tips, Defendant willfully violated the FLSA (and forfeited its right to utilize a tip credit) by failing to notify Plaintiffs and other bartenders and servers of its intent to use the tip credit and by retaining a portion of the Service Charges.

## COUNT II
### (Alleging Violations of the PMWA)

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The PMWA entitles employees to a minimum hourly wage of $7.25.

40. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to bartenders and servers, an employer forfeits its right to do so when it fails to notify such employees that they will be paid pursuant to a tip credit, *see* 43 P.S. § 333.103(d)(1), retains any portion of the tips, *see* 43 P.S. § 333.103(d)(2), or utilizes non-tip proceeds to cover the tip credit amount, *see* 34 Pa. Code § 231.114(d).

41. Defendant violated the PMWA's minimum wage mandate by paying Plaintiffs and other bartenders and servers less than $7.25 per hour even though such employees did not receive any tips.

42. Alternatively, if the Restaurant Service Fees and Service Charges constitute tips, Defendant violated the PMWA (and forfeited its right to utilize a tip credit) by failing to notify Plaintiffs and other bartenders and servers of its intent to use the tip credit and by retaining a portion of the Service Charges.

**COUNT III**
**(Alleging Violations of the PMWA)**

43. All previous paragraphs are incorporated as though fully set forth herein.

44. The PMWA requires an "employer that charges for the administration of a banquet, special function or package deal" to (i) notify its customers that such charge "does not include a tip" and (ii) include on any billing statement "separate lines for service charges and tips." *See* 34 Pa. Code § 231.114.

45. Defendant violated the above provision by failing to notify customers that its Service Charge does not include a tip, and by failing to include a separate line for tips on its banquet billing statement.

**COUNT IV**
**(Unjust Enrichment)**

46. All previous paragraphs are incorporated as though fully set forth herein.

47. "In Pennsylvania, a plaintiff must prove that: (1) benefits have been conferred on one party by another; (2) the recipient has appreciated the benefits; and (3) the recipient has accepted and retained the benefits under such circumstances that it would be inequitable or unjust for the recipient to retain the benefits without payment of value." *See Henkel v. Highgate Hotels, LP*, 2020 U.S. Dist. LEXIS 220927, *26 (M.D. Pa. Nov. 25, 2020) (internal citations and quotations omitted).

48. As detailed in paragraph 23, Defendant benefits from a supplementary revenue stream by charging its members an additional 20% on their bills through Service Charges.

49. As detailed in paragraph 20, Defendant collects these fees while at the same time informing its members that "[a]ll prices are inclusive of gratuity" and that "[t]ipping is not permitted."

50. However, as detailed in paragraph 24, Defendant retains for itself a portion of the Service Charges.

51. Under such circumstances, it would be unjust for Defendant to retain the benefits of the Service Charges. *See*, *e.g.*, *Henkel*, 2020 U.S. Dist. LEXIS at *30.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and other members of the class/collective, seek the following relief:

A. The minimum wage of $7.25 per hour for every hour worked;

B. The reimbursement of all Service Charges retained by Defendant;

C.      Prejudgment interest to the fullest extent permitted under federal and state law;

D.      Mandatory liquidated damages under the FLSA per 29 U.S.C. § 216(b);

E.      Litigation costs, expenses, and attorneys' fees; and

F.      Such other and further relief as this Court deems just and proper.

Date: July 3, 2024                         Respectfully,

*/s/ Michelle Tolodziecki*
Peter Winebrake
Michelle Tolodziecki
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*For Plaintiffs*